No. 23-2036

# United States Court of Appeals for the First Circuit

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

*Debtors*,

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of the Puerto Rico Electric Power Authority; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS; CORTLAND CAPITAL MARKET SERVICES LLC, as Administrative Agent; SOLA LTD.; SOLUS OPPORTUNITIES FUND 5 LP; ULTRA MASTER LTD; ULTRA NB LLC; UNION DE TRABAJADORES DE LA INDUSTRIA ELECTRICA Y RIEGO INC. (UTIER); SISTEMA DE RETIRO DE LOS

EMPLEADOS DE LA AUTORIDAD DE ENERGIA ELECTICA
(SREAEE),

*Plaintiffs-Appellees*,

v.

ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP.,

*Defendants-Appellants*,

U.S. BANK NATIONAL ASSOCIATION, as Trustee; NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION; GOLDENTREE ASSET MANAGEMENT LP; SYNCORA GUARANTEE, INC.; INVESCO ADVISERS, INC.; BLACK ROCK FINANCIAL MANAGEMENT, INC.; FRANKLIN ADVISERS, INC.; NUVEEN ASSET MANAGEMENT, LLC; TACONIC CAPITAL ADVISORS L.P.; WHITEBOX ADVISORS LLC,

*Defendants-Appellees*.

---

Appeal from the U.S. District Court
for the District of Puerto Rico, Adv. Proc. No. 19-00391-LTS
(The Honorable Laura Taylor Swain)

---

**APPELLANTS' MOTION TO EXPEDITE APPEAL**

---

This appeal arises out of the district court's final judgment in an adversary proceeding determining the amount and secured status of Appellants' claims in the Title III bankruptcy case of the Puerto Rico Electric Power Authority ("PREPA"). Appellants respectfully move under 48 U.S.C. § 2126(d) and First Circuit Internal Operating Procedure VII.B to

expedite this appeal, which arises from the final judgment of the Title III court. It is imperative that this appeal—which concerns, among other things, whether approximately $8.4 billion in revenue-bond claims are secured or unsecured—is decided before plan confirmation, scheduled for early 2024. Expedition here is both statutorily mandated and independently justified by good cause. This motion is supported by each of the Defendants/Counterclaim-Plaintiffs in the adversary proceeding below.

1. The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") states that "[i]t shall be the duty of the applicable . . . United States Court of Appeals . . . to advance on the docket and to expedite to the greatest possible extent the disposition of any matter brought under" PROMESA. 48 U.S.C. § 2126(d). The Rule of this Court providing for "[e]xpedited scheduling" to be "provided automatically in those cases where it is required by statute" therefore applies here. First Circuit Internal Operating Procedure VII.B.

This Court has routinely and "automatically" expedited consideration of numerous appeals under PROMESA. First Circuit Internal Operating Procedure VII.B; *see also, e.g.*, *GoldenTree Asset Mgmt. LP v. Fin.*

*Oversight & Mgmt. Bd. for P.R*, No. 23-1737 (1st Cir.), Doc. No. 00118054924 (Sept. 22, 2023); *Fin. Oversight & Mgmt. Bd. for P.R v. Pierluisi-Urrita*, No. 23-1268 (1st Cir.) Doc. No. 00117992009 (Mar. 29, 2023); *Centro De Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt Bd. for P.R.*, No. 21-1301 (1st Cir.), Doc. No. 117736534 (May 3, 2021); *Hermandad De Empleados Del Fondo Del Seguro Del Estado, Inc v. Asociacion De Empleados Gerenciales Del Fondo Del Seguro Del Estado Corp.*, No. 19-2243 (1st Cir.), Doc. No. 117562679 (Mar. 9, 2020); *Fin. Oversight & Mgmt. Bd. for P.R. v. Andalusian Glob. Designated Activity Co.*, No. 19-1699 (1st Cir.), Doc. No. 117469275 (July 26, 2019); *Altair Global Credit Opportunities Fund (A), LLC v. Emps.' Retirement Sys. of Government of P.R.*, No. 18-1836 (1st Cir.), Doc. No. 117338380 (Sept. 13, 2018); *Aurelius Inv. LLC v. Commonwealth of Puerto Rico*, No. 18-1671 (1st Cir.), Doc. No. 00117326747 (Aug. 15, 2018).

2. This appeal is a "matter brought under" PROMESA. 48 U.S.C. § 2126(d). The proceedings in the district court were part of the jointly administered Title III proceedings concerning the debts of the Commonwealth of Puerto Rico and PREPA. Appellants here challenge the district

court's orders as part of the jointly administered Title III proceedings authorized under PROMESA. *See* Adv. Proc. No. 19-00391-LTS (D.P.R.) ("Adversary Docket"), jointly administered with, *inter alia*, No. 17-BK-3283-LTS (D.P.R.) and No. 17-BK-4780-LTS (D.P.R.) ("Main Docket"). Consideration of the appeal therefore should be "automatically" expedited. First Circuit Internal Operating Procedure VII.B.

3. Although it is not independently necessary, "good cause" also exists to "expedite" the appeal. Fed. R. App. P. 2. The district court held that the bond documents at issue in this case did not create a security interest in PREPA's revenues, converting approximately $8.4 billion of claims from secured to largely unsecured. *See* Adversary Docket No. 147. The district court also held that claims based on those bonds were subject to the claim-estimation process supplied by 11 U.S.C. § 502(c) and thereby substantially reduced their purportedly unsecured claim from $8.4 billion to $2.38 billion. *See* Adversary Docket No. 315. The proposed plan currently before the Title III court is based on these rulings. With the confirmation hearing scheduled for March 4-15, 2024, this appeal presents important issues that must be resolved prior to confirmation if the

plan is to have any prospect of success and to provide much-needed stability to Puerto Rico's markets. *See* Main Docket No. 4181. It is imperative that this appeal be decided before plan confirmation, in order to ensure that Appellants' substantial rights are given meaningful appellate review. Ultimately, the amounts and allocations of recoveries to creditors under the Plan depend upon resolution of the issues that will be presented to this Court on appeal.

4. Therefore, Appellants respectfully request that this Court enter an expedited schedule as follows:

| | |
|---|---|
| *Appellants' opening briefs*: | December 11, 2023[1] |
| *Appellees'/Cross-Appellants' combined answering briefs/ opening cross-appeal briefs*: | January 12, 2024 |
| *Appellants' combined reply briefs in support of appeal/ answering briefs in response to cross appeal*: | January 22, 2024 |
| *Appellees'/Cross-Appellants' reply briefs in support of cross appeal:* | January 29, 2024 |
| *Oral argument:* | At the earliest date in February 2024 that is convenient for the Court. |

---

[1] Given the expedited schedule sought herein, Appellants propose submitting an appendix on December 11, 2023 together with their opening briefs. While Appellants believe that the appendix will compile all of the relevant docket items, Appellants propose that Appellees submit any additional materials in a supplemental appendix on January 12, 2024, along with their combined answering and opening cross-appeal briefs. This Court has permitted this process in other expedited appeals brought under PROMESA, including in appeals brought by the Financial Oversight and Management Board for Puerto Rico, an Appellee in this case. *See Lex Claims, LLC v. Garcia Padilla*, No. 17-1241 (1st Cir.); *GoldenTree Asset Mgmt.*, *supra*. Counsel for Appellees/Cross-Appellants the Financial Oversight and Management Board for Puerto Rico and the Official Committee of Unsecured Creditors of All Title III Debtors have consented to this proposal.

This proposed schedule provides sufficient time for all parties to respond, is consistent with the schedules entered in similar PROMESA cases, *see* ¶ 1, *supra*, and will not prejudice any party.

5. This schedule is supported by each of the Appellants/Cross-Appellees (Defendants/Counterclaim-Plaintiffs in the adversary proceeding below), as well as Appellees/Cross-Appellants (Plaintiffs/Counterclaim-Defendants below) the Financial Oversight and Management Board for Puerto Rico and the Official Committee of Unsecured Creditors of All Title III Debtors, each of whom has filed its own notice of appeal. *See* Adversary Dkt. Nos. 368, 371.

6. Appellants also respectfully request that the Court consolidate all appeals from the adversary proceeding.

**CONCLUSION**

For the foregoing reasons, Appellants respectfully request that the Court expedite this appeal and enter the schedule set out herein.

Dated: December 8, 2023     Respectfully submitted,

By: /s/ *Matthew D. McGill*
Matthew D. McGill
   *Counsel of Record*
Jeremy M. Christiansen
Lochlan F. Shelfer
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
mmcgill@gibsondunn.com

Howard R. Hawkins, Jr.
Mark C. Ellenberg
Casey J. Servais
William J. Natbony
Thomas J. Curtin
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
212-504-6000
howard.hawkins@cwt.com

Heriberto Burgos Pérez
Ricardo F. Casellas-Sánchez
Diana Pérez-Seda
CASELLAS ALCOVER & BURGOS P.S.C.
P.O. Box 364924
San Juan, PR 00936
787-756-1400
hburgos@cabprlaw.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that this motion complies with the applicable typeface, type-style, and type-volume limitations.  This motion was prepared using a proportionally spaced type (New Century Schoolbook, 14 point).  Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f), this motion contains 1,036 words.  This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare this motion.

December 8, 2023

                                         */s/ Matthew D. McGill*
                                         Matthew D. McGill

# CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system.

All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: December 8, 2023         /s/ *Matthew D. McGill*
                                Matthew D. McGill